IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GGNSC CHARLOTTE RENAISSANCE, LLC d/b/a GOLDEN LIVINGCENTER-DARTMOUTH, <br><br> Defendant. | Civil Action No.: 3:12 CV 176 <br><br> **CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act, as amended (the "ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The Commission's complaint alleged that GGNSC Charlotte Renaissance, LLC d/b/a Golden LivingCenter-Dartmouth ("Defendant") discharged Sandra Bagwell ("Bagwell") because of her actual disability, failed to provided Bagwell with a reasonable accommodation, and discharged Bagwell because it regarded her as disabled, all in violation of the ADA. In response, Defendant denied any violation of the ADA, and specifically denied any violation of the ADA with regard to the decision to terminate Bagwell's employment. Likewise, the Commission does not in any way imply or suggest that the Defendant was in compliance with the law with respect to its dealings with Bagwell as alleged in this action.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Commission and the Defendant have stipulated and agree that the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of their actual or perceived disability within the meaning of ADA, including by failing to provide a reasonable accommodation or by discharging employees based on their actual or perceived disability.

2. Defendant shall pay Sandra Bagwell the sum of Fifty Thousand Dollars ($50,000.00) in settlement of the claims raised in this action. Defendant shall make payment as follows: (1) Twenty Thousand Dollars ($20,000.00) representing back pay, by issuing a payroll check payable to Sandra Bagwell minus standard income withholdings consistent with a W-4 form to be completed by Sandra Bagwell; and (2) Thirty Thousand Dollars ($30,000.00) representing compensatory damages by issuing a check payable to Sandra Bagwell for which Sandra Bagwell will complete a form W-9 and will be issued a form 1099. Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the check to Sandra Bagwell at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall (1) email a copy of the check and proof of its delivery to Sandra Bagwell to EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) send it by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Sandra Bagwell may or may not incur on such

payment under local, state and/or federal law.

3. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Sandra Bagwell any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2009-02776 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

4. Defendant uses a third party vendor to provide its neutral references for its employees. Defendant agrees that if it receives any inquiry about Sandra Bagwell from a potential employer, it will provide in response only the information provided by its third party vendor: date of hire; last date worked; and position.

5. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall re-distribute and maintain its formal, written anti-discrimination policy (attached as Exhibit "A"), which shall include but not be limited to: the requirements of the federal equal employment opportunity laws, including ADA and its prohibition against discrimination based on disability; the procedure for requesting leave based on an impairment or disability; and the procedure for reporting discrimination. Within thirty-five (35) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees at the GGNSC Charlotte Renaissance LLC facility and review it with them at the time of orientation.

6. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in the GGNSC Charlotte Renaissance LLC facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has

been posted.

7. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers and department heads in the GGNSC Charlotte Renaissance LLC facility. Each training program shall include the following: an explanation of the requirements of the ADA and its prohibition against retaliation in the workplace; and an explanation that although an individual has exhausted leave pursuant to the Family and Medical Leave Act, the individual might still be entitled to leave pursuant to the ADA. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Consent Decree by the Court and the second training program shall be completed approximately a year after the first training program. During the remainder of the Consent Decree, Defendant shall provide this same training to any newly hired or promoted managers and department heads at GGNSC Charlotte Renaissance LLC facility within thirty (30) days of hire or promotion into management at the facility. At least fifteen (15) days prior to the initial program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance. Should Defendant change or modify its training program, it must provide to the Commission, at least fifteen (15) days prior to the program, an agenda for the subsequent training program that it is providing.

8. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this

Consent Decree, in a place where it is visible to employees in the GGNSC Charlotte Renaissance LLC facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first report being due four (4) months after entry by the Court of this Consent Decree. The reports will include the following information:

> A. identify each individual employed by Defendant at its Golden Living Center-Dartmouth facility who at any time during the reporting period requested an accommodation for a disability or impairment, including by way of identification each person's name, address, telephone number, position, date of accommodation request, accommodation requested, whether the request was granted, and what, if any, accommodation was provided to the individual; and
>
> B. for each individual identified in response to 9.A. above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted, identify whether the individual was discharged and the reason for the discharge, and identify all individual(s) involved in the decision regarding the accommodation request and discharge.
>
> C. Defendant agrees that should the Commission request the social security numbers of the individuals identified in 9.A., Defendant must provide the social security numbers within seventy-two (72) hours of the Commission's request.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's GGNSC Charlotte Renaissance LLC facility, interview employees, and examine and copy documents.

11. If anytime during the term of this Consent Decree, the Commission believes that

Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate, during the two year term thereof.

So ordered, this 28th day of November, 2012.

_Graham C. Mullen_
Honorable Graham Mullen
Senior U.S. District Court Judge
Western District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **GGNSC CHARLOTTE RENAISSANCE, d/b/a GOLDEN LIVINGCENTER-DARTMOUTH, Defendant** |
| P. DAVID LOPEZ<br>General Counsel | DINSMORE & SHOHL LLP |
| JAMES L. LEE<br>Deputy General Counsel | s/ Amy L. Keegan<br>CHARLES M. ROESCH (*admitted pro hac vice*)<br>AMY L. KEEGAN (NC Bar #31629)<br>CORI R. STIRLING (*admitted pro hac vice*) |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | DINSMORE & SHOHL LLP<br>255 East Fifth Street<br>Suite 1900<br>Cincinnati, Ohio 45202<br>Telephone: (513) 977-8200<br>Facsimile: (513) 977-8141<br>Email:<br>Chuck.roesch@dinsmore.com<br>Amy.keegan@dinsmore.com<br>Cori.stirling@dinsmore.com |
| LYNETTE A. BARNES (NC Bar 19732)<br>Regional Attorney | |
| KARA GIBBON HADEN (NC Bar 26192)<br>Supervisory Trial Attorney | |
| s/ Stephanie M. Jones<br>STEPHANIE JONES (GA Bar No. 403598)<br>Trial Attorney<br>Email: stephanie.jones@eeoc.gov<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 954-6471<br>Facsimile: (704) 954-6412 | |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |